UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRY ALTMAN, | Case No. 13-10614 |
| Plaintiff, | Terrence G. Berg |
| v. | United States District Judge |
| ANTHONY E D KING, *et al*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

# REPORT AND RECOMMENDATION
## MOTION TO DISMISS (Dkt. 9)

**I.     PROCEDURAL HISTORY**

Plaintiff filed this prisoner civil rights action on February 13, 2013, based on the denial of parole. (Dkt. 1). On June 10, 2013, defendants filed a motion to dismiss the complaint. (Dkt. 9). This matter was referred to the undersigned for all pretrial proceedings. (Dkt. 10). On June 24, 2013, plaintiff filed a response to the motion to dismiss. (Dkt. 11). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

## II. FACTUAL BACKGROUND

In 1992, plaintiff was sentenced to 15-40 years in prison for his conviction of soliciting first degree murder. *See* Michigan Offender Information Tracking System record for Terry D. Altman, Prisoner No. 228574, accessed on October 21, 2013.[1] According to plaintiff's complaint, he has been denied due process and equal protection of the law under the Fourteenth Amendment, and his right to be free from cruel and unusual punishment under the Eighth Amendment has also been violated. (Dkt. 1). Plaintiff says that the Michigan Parole Board denied him parole based on crimes for which he has not been charged or convicted.

On July 24, 2012, defendant Dr. Anthony E. D. King, a parole board member, accused plaintiff of crimes for which plaintiff has never been charged or convicted and refused plaintiff an opportunity to defend himself and express his view:

> You paid a person $1,500 to disfigure your ex-girlfriend. This person took the money, but never beat up your girlfriend. Then you asked this person to kill your ex-girlfriend for $25,000. This person then contacted the police ...

(Dkt. 1, Pg ID 3). Plaintiff also complains that Dr. King and another parole board member, defendant Amy M. Bonito, applied an arbitrary and capricious requirement for an expression of what plaintiff describes as a "deep sense of self-

---

[1] Link: http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=228574.

torture," or remorse. (Dkt. 1, Pg ID 3-4). According to plaintiff, requiring torture of any kind, self-inflicted or otherwise, is prohibited in this country.

Plaintiff also indicates that defendants King and Bonito charged and convicted him of the crime of stalking, which he has never been charged with or convicted of, and "corrupted" the record by noting in his social history an absence of support system and an unstable social or family history. Plaintiff says this is contrary to the record, which indicates that he was a single father raising two sons and he retained the support of his entire family, including his parents, siblings, his now adult children and many friends. (Dkt. 1, Pg ID 4). Plaintiff seeks an order directing that plaintiff be granted an immediate parole interview with a corrected parole eligibility report, which does not contain inaccurate and false information. He also seeks compensatory and punitive damages, attorney fees, and an order that no further retaliation against him take place.

## III. ANALYSIS AND CONCLUSION

### A. <u>Standard of Review</u>

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), quoting *Conley v. Gibson*,

355 U.S. 41, 47 (1957).  A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted).  And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*, quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d

4

496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se* complaint at issue.).

    B.    <u>Due Process</u>

Plaintiff contends that his due process rights were violated because the parole board relied on erroneous, inaccurate, and false information contained in the Pre-Sentence Investigation Reports prepared in his case. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without

the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson*, 209 Fed.Appx. 456, 458 (6th Cir. 2006). As explained below, in the view of the undersigned, plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole, given that his sentence does not expire until 2032. *Jakag v. Combes*, 2013 WL 782596, *4 (W.D. Mich. 2013).

There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Further, although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id*. at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth*., 929 F.2d 233, 235 (6th Cir. 1991). In *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994) (*en banc*), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. *Id.* at 1164-165.

In a recent published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Jakag*, 2013 WL 782596 at *4, citing *Crump v. Lafler*,

657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since Sweeton does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *Id.*; *see also Carnes v. Engler*, 76 Fed.Appx. 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 460 Mich. 511; 596 N.W.2d 598, 603-04 (1999). Without a liberty interest in parole, plaintiff cannot show that the alleged erroneous, inaccurate, and false information was relied on to a constitutionally significant degree. *See Caldwell v. McNutt*, 2006 WL 45275, at *1 (6th Cir. 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, 2004 WL 2203550, at *2 (6th Cir. 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole).

Because the discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained," *Greenholtz*, 442 U.S. at 11, the

Michigan Parole Board's failure or refusal to consider plaintiff for parole implicates no federal right. *Jakag*, 2013 WL 782596 at *4. Just as in *Jakag*, in the absence of a liberty interest, plaintiff fails to state a claim against the parole board for a violation of his procedural due process rights. *Id.*

    C.    <u>Equal Protection</u>

The undersigned agrees with defendants that there is also no legal basis for plaintiff's equal protection claim. To establish a claim under the Equal Protection Clause, plaintiff must demonstrate that defendants treated him disparately as compared to similarly-situated persons and that such treatment either burdens a fundamental right, targets a suspect class, or has no rational basis. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006). The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." *Taylor v. Williams*, 2012 WL 6201208, *14 (W.D. Mich. 2012), quoting U.S. Const. amend. XIV, § 1. A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Just as in *Taylor*, plaintiff here does not suggest that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005).

In addition, prisoners do not have a fundamental right under the Constitution to obtain release on parole. *Taylor*, 2012 WL 6201208 at *14. Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.*, quoting *Warren v. City of Athens*, 411 F.3d 697, 710 (6th Cir. 2005). Therefore, to prove his equal protection claim, plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Taylor*, 2012 WL 6201208 at *14, quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's claim is wholly conclusory and he fails to identify any individuals similarly situated in all relevant respects who were treated differently from him. Therefore, plaintiff has failed to state an equal protection claim.

D.  Eighth Amendment

It is well established that "[d]enying parole and requiring an inmate to serve his entire sentence is punishment, but it does not constitute cruel and unusual

punishment. The denial of parole is a disappointment rather than a punishment of cruel and unusual [pro]portions." *Smith v. Heyns*, 2013 WL 3944474, *9 (E.D. Mich. 2013), quoting *Leach v. Owens*, 2010 WL 5266063, *4 (W.D. Tex. 2010) (citations omitted), citing *Baumann v. Arizona Dep't of Corrs.*, 754 F.2d 841, 846 (9th Cir. 1985); *Craft v. Texas Bd. of Pardons & Paroles*, 550 F.2d 1054 (5th Cir. 1977); *Farid v. Bouey*, 554 F.Supp.2d 301, 323 (N.D.N.Y. 2008). Therefore, plaintiff fails to establish an Eighth Amendment claim based on his denial of parole.

    E.    <u>Qualified Immunity</u>

Defendants also argue that they are entitled to qualified immunity. The Supreme Court has set forth a two-prong test for analyzing qualified immunity. First, a court must determine whether a constitutional right would have been violated on the facts alleged. If no violation is established, then the inquiry ends. If a violation is established, the second step is for a court to determine whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Here, the undersigned determined above that no constitutional violation has occurred and dismissal is appropriate, thus the second step of the qualified immunity need not be examined.

**IV.    RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that

defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 1, 2013          s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on November 1, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kevin R. Himebaugh and that I have mailed by U.S. Postal Service to the following non-ECF participant: Terry Altman, 228574, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov