UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY ALTMAN,

    Plaintiff,

v.

ANTHONY E. D. KING, *et al.*,

    Defendants.
_____/

Case No. 13-10614
HON. TERRENCE G. BERG
HON. MICHAEL J. HLUCHANIUK

## ORDER ADOPTING REPORT AND RECOMMENDATION (Dkt. 12)

    Plaintiff Terry Altman, a state prisoner currently confined in the Brooks Correctional Facility in Muskegon, Michigan, is suing members of the Michigan Parole Board, asserting that their conduct has violated his rights as guaranteed by the Constitution of the United States.

    The matter is now before the Court on Magistrate Judge Michael J. Hluchaniuk's November 1, 2013 Report and Recommendation (Dkt. 12), recommending that Defendants' Motion to Dismiss (Dkt. 9) be granted.

    The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation.  28 U.S.C. § 636(b)(1), E.D. Mich. LR 72.1(d).  A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects.  *See* 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Plaintiff has sued three members of the Michigan Parole Board under 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that Defendants violated his constitutional rights—as guaranteed by the 8th and 14th Amendments to the Constitution—through their conduct and statements made during Plaintiff's most recent parole hearing. Defendants filed a Motion to Dismiss the Complaint (Dkt. 9), arguing both that Plaintiff has failed to state a claim upon which relief could be granted, and that they are entitled to qualified immunity. The Court subsequently referred the case to Magistrate Judge Michael J. Hluchaniuk for all pretrial matters. Magistrate Judge Hluchaniuk filed a Report and Recommendation (Dkt. 12) recommending that Defendants' Motion be granted on the grounds that (1) Plaintiff is unable to show the deprivation of a protected interest (a necessary element of a procedural due process violation); (2) Plaintiff cannot show that he was intentionally and irrationally treated differently from other, similar situated persons; and (3) the denial of parole does not constitute cruel and unusual punishment.

On November 14, 2013, Plaintiff timely-filed an objection to the Report and Recommendation (Dkt. 13), asserting not that he has any constitutional right to parole itself, but rather that the Fourteenth Amendment guarantees him the right to due process during all stages of the state's discretionary parole process. (*See* Dkt. 13, Pl. Obj. pp. 4-10); *see also Williams v. Berrios*, No. 06-13303, 2007 WL 485348

2

(E.D. Mich. Feb. 9, 2007) (Roberts, J.) (citing *Wilkinson v. Dotson*, 544 U.S. 74 (2005)).

The Court ordered Defendants to file a response to Plaintiff's objection, addressing the question of whether the Michigan Parole Board's alleged failure to follow its own procedures constitutes a violation of the Fourteenth Amendment's guarantee of due process of law, cognizable under 42 U.S.C. § 1983. Defendants filed their Response on December 12, 2013 (Dkt. 15).

The Court has carefully reviewed Magistrate Judge Hluchaniuk's Report and Recommendation and thoroughly considered Plaintiff's objection and Defendants' response. For the reasons set forth below, Plaintiff's objection is OVERRULED, the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court.

## I. ANALYSIS

All of Plaintiff's variously titled objections allege violations of one of three constitutional rights: (1) due process, (2) equal protection, and (3) the prohibition against cruel and unusual punishment. These arguments will each be addressed in turn.

### A. Due Process

The primary objection made by Plaintiff is that the Michigan Parole Board's failure to follow its own procedures constitutes a denial of due process. In support of this argument, Plaintiff cited to *Williams v. Berrios*, No. 06-13303, 2007 WL 485348 (E.D. Mich. Feb. 9, 2007) (Roberts, J.) (citing *Wilkinson v. Dotson*, 544 U.S.

3

74 (2005)). While the Court agrees with Plaintiff that the Parole Board should always follow its own procedures, its alleged failure to do so does not necessarily amount to a denial of due process under the Fifth and Fourteenth Amendments.

As Magistrate Judge Hluchaniuk correctly stated, in order to succeed on a claim based upon a violation of procedural due process, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006) (holding that while a due process challenge to the procedures employed by the parole board is cognizable under §1983 pursuant to *Wilkinson v. Dotson*, 544 U.S. 74 (2005), a Plaintiff must still show a deprivation of a constitutionally protected interest in order to state a claim upon which relief may be granted). Although Plaintiff alleges that the Parole Board failed to follow its own procedures, thereby failing to provide the requisite "due process," Plaintiff must also allege and be able to show that he was deprived of some constitutionally protected interest, such as a liberty interest or a property interest. Here, the only interest Plaintiff alleges to have been deprived of is his interest in being free from the Parole Board's allegedly arbitrary conduct; however, given the lack of an underlying *liberty* interest in parole, Plaintiff's asserted "interest" is not one that is protected by the Constitution.

The Sixth Circuit has repeatedly held that there is no liberty interest created by Michigan's discretionary parole system. *See Crump v. Lafler*, 657 F.3d 393, 397

(6th Cir. 2011) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.")); *see also Sweeton v. Brown,* 27 F.3d 1162 (6th Cir.1994) (en banc). Because of this, "even if the Parole Board relied on inaccurate information to deny [King] parole, it did not violate any liberty interest protected by the United States Constitution." *Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. 2006). Therefore, Plaintiff is unable to show—as a matter of law—the deprivation of a protected liberty interest. Likewise, because King "does not have a constitutionally protected interest in parole, he does not have a constitutional right to consideration for parole." *Kordenbrock v. Brown*, 469 F. App'x 434, 435 (6th Cir. 2012) (citing *Inmates of Orient Corr. Inst. v. Ohio*, 929 F.2d 233, 235 (6th Cir. 1991)); *see also Echlin v. Boland*, 111 F. App'x 415, 417 (6th Cir. 2004) (holding that because there is no protected liberty interest in parole, plaintiff could not bring § 1983 suit to challenge information considered by the Parole Board). For these reasons, Plaintiff's due process claim fails.

**B.     Equal Protection**

Plaintiff's equal protection challenge is similarly without merit. Although Plaintiff has attached to his objection another inmate's "Case Summary Report" from the Michigan Parole Board, the mere fact that another inmate received parole when Plaintiff did not does nothing to show that Plaintiff was denied equal protection.

Plaintiff has neither suggested that he is a member of a suspect class, nor that he was intentionally discriminated against because of membership in any such class. Thus, as stated by Magistrate Judge Hluchaniuk, in order to succeed on his equal protection claim, Plaintiff must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Taylor v. Williams*, 2012 WL 6201208, at *14 (W.D. Mich. 2012) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). In order for the Plaintiff to be considered similarly situated to a prisoner treated differently for purposes of equal protection, he must show similarity in all relevant aspects of the parole decision. *See Henderson v. Bredesen,* 2005 WL 2230033, at *2 (M.D. Tenn. Aug. 9, 2005) (citing *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344-352 (6th Cir.1998)). Although Plaintiff subjectively believes that he and the paroled-inmate were similarly situated, the "parole-release decision, … depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." *Greenholtz,* 442 U.S. at 7. "Indeed, it is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics." *Smith v. Heyns*, No. 12-11373, 2013 WL 3944474, at *13 (E.D. Mich. July 31, 2013) (quoting *McNatt v. Patrick,* No. 05–128, 2007 WL 983838, at *7 (W.D. Pa. Mar. 27,

6

2007) (citations omitted)).  Consequently, it is impossible for the Court to conclude that the Parole Board acted irrationally when it decided to grant parole to one inmate but deny parole to Plaintiff.[1]  Therefore, Plaintiff's equal protection claim must also be dismissed.

**C.    Cruel and Unusual Punishment**

Finally, Plaintiff maintains that the Parole Board's alleged requirement that he show sufficient remorse, or a "deep sense of self torture," constitutes a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  This argument is without merit.

As Magistrate Judge Hluchaniuk noted, "[d]enying parole and requiring an inmate to serve his entire sentence is punishment, but it does not constitute cruel and unusual punishment.  The denial of parole is a disappointment rather than a punishment of cruel and unusual [pro]portions." *Smith v. Heyns*, No. 12-11373, 2013 WL 3944474, at *9 (E.D. Mich. July 31, 2013) (quoting *Leach v. Owens*, 2010 WL 5266063, at *4 (W.D. Tex. 2010) (citing *Baumann v. Arizona Dep't of Corrs.*, 754 F.2d 841, 846 (9th Cir. 1985); *Craft v. Texas Bd. of Pardons and Paroles*, 550 F.2d 1054 (5th Cir. 1977))).  Regardless of the words used by the Parole Board in its decision, there is nothing cruel or unusual about the decision to deny Plaintiff parole.

---

[1] The difficulty of identifying two prisoners who are similarly situated in all relevant respects may be the reason why at least one panel of the Sixth Circuit has concluded that in order "[t]o state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Figel v. Overton*, 121 F. App'x 642, 648 (6th Cir. 2005) (quoting *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990)).  In light of this, Plaintiff's apparent inability to allege membership in a protected class appears to be a wholly sufficient, independent basis upon which to dismiss his equal protection claim with prejudice.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's objections are **OVERRULED** and Magistrate Judge Hluchaniuk's Report and Recommendation of November 1, 2013 (Dkt. 12) is hereby **ACCEPTED** and **ADOPTED**.

Accordingly, Defendants' Motion to Dismiss (Dkt. 9) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Dated: February 14, 2014           s/Terrence G. Berg
                                    TERRENCE G. BERG
                                    UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on February 14, 2014, using the CM/ECF system; a copy of this Order was also mailed to the Brooks Correctional Facility, 2500 Sheridan Drive, Muskegon, Michigan 49444, directed to Plaintiff's attention.

                                    s/A. Chubb
                                    Case Manager

8